UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ALEC RESPECTS NOTHING,<br>Defendant. | 5:20-CR-50065-03-KES<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT AND MOTION TO SEVER OR ALTERNATIVELY MOTION FOR PRETRIAL RELEASE |

Defendant, Alec Respects Nothing, moves *pro se* to dismiss the indictment in this matter, alleging he was deprived of his right to a speedy trial. Docket 112. The United States opposes the motion. Docket 133. Respects Nothing moves separately to sever his trial from his co-defendant's trial, or alternatively, for pretrial release. Docket 123. The United States opposes the motion. Docket 133. For the reasons stated below, the court denies each motion.

**BACKGROUND**

On August 20, 2020, Respects Nothing was arrested on an indictment that alleged he was part of a conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(l), 841(b)(1)(A). *See* Dockets 35, 23. Respects Nothing entered his initial appearance on the indictment on August 24, 2020. Docket 37. The court issued a scheduling and case management

order as to Respects Nothing and his co-defendants, Melvin Brewer and Joshua Black Feather, on August 25, 2020. Docket 46. The order set a trial date of October 27, 2020. *Id* at 2.

Since the issuance of the August 25, 2020 scheduling and case management order, four motions for continuances, all made by co-defendant Brewer, have delayed the trial until its currently scheduled date of September 7, 2021. *See* Dockets 61, 71, 83, 113, 116. On June 3, 2021, Respects Nothing filed a *pro se* motion to dismiss the indictment. Docket 112. Respects Nothing argues in his motion that his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment were violated. *See id.* On June 11, 2021, through his attorney, Respects Nothing filed a motion to sever his case from his co-defendant's, or alternatively, for pretrial release based on alleged violations of the Speedy Trial Act and the Sixth Amendment. Docket 123.

**DISCUSSION**

The court independently analyzes Respects Nothing's right to a speedy trial under the Speedy Trial Act and the Sixth Amendment to the Constitution. *See United States v. Johnson*, 990 F.3d 661, 666 (8th Cir. 2021) (quoting *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009)). Because Respects Nothing's motions are all predicated on violations of the Speedy Trial Act and the Sixth Amendment, the court's analysis of these potential violations applies to both motions.

## I. Speedy Trial Act

"Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later." *United States v. Mallett*, 751 F.3d 907, 910-11 (8th Cir. 2014) (quoting *United States v. Suarez-Perez*, 484 F.3d 537, 540 (8th Cir. 2007)); *see also* 18 U.S.C. § 3161(c)(1). When conducting a defendant's speedy trial calculation, certain days are excluded from the calculation. *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007); *see also* 18 U.S.C. § 3161(h). Section 3161(h)(7)(A) excludes a "delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Further, "any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." *United States v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007); *see also* 18 U.S.C. § 3161(h)(6). "After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." *Aldaco*, 477 F.3d at 1016-17 (citations omitted). "The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness." *Id.* at 1017 (citing 18 U.S.C. § 3162(a)(2)).

Here, Respects Nothing entered his initial appearance on August 24, 2020. Docket 37. Twenty-two days later, on September 15, 2020, co-defendant

Brewer filed a motion for continuance, which the court granted nine days later. Dockets 50, 60. Respects Nothing signed a notice of informed consent as to the continuance motion. Docket 53. The signed consent stated, "I understand that [Brewer's] Motion to Continue means that the delay requested is excluded from counting under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*" *Id.*

Under normal circumstances, twenty-two of the seventy days for trial under the Speedy trial Act would have elapsed before the first toll of the Speedy Trial clock. But on August 28, 2020, Judge Jeffrey L. Viken entered Amended Standing Order 20-08 continuing criminal jury trials until October 2, 2020, in the District of South Dakota's Western Division, due to the COVID-19 pandemic. Judge Viken's standing order stated that "the ends of justice are best served by continuing criminal jury trials until October 2, 2020, and that decision outweighs the interest of the public and any defendant's right to a speedy trial." D.S.D. Amended Standing Order 20-08 at 2. Further, "pursuant to the Third Amended Standing Order 20-03, [and] this Amended Standing Order 20-08 . . . the periods of delay resulting from these continuances are excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) for the period commencing August 24, 2020, to October 2, 2020." *Id.* Thus, the court finds that Respects Nothing's Speedy Trial clock was tolled the same day as his initial appearance, until October 2, 2020.[1] *See United States v. Pond*, No. CR. 18-50106-JLV, 2020 WL 3446677, at *1 (D.S.D. June 24, 2020).

[1] On April 21, 2021, the Assistant United States Attorney and Respects Nothing's attorney filed a joint notice of Speedy Trial calculation where they agreed seventy days remained if the court considers the time to be tolled during

From September 15, 2020, when the first motion for continuance was filed, until the most recent order granting a motion for continuance and setting trial for September 7, 2021, the trial has been continued five times after co-defendant Brewer moved for a continuance. *See* Dockets 60, 65, 72, 84, 116. The excludable time caused by properly joined co-defendants is applicable to Respects Nothing by operation of § 3161(h)(6). *United States v. Alli*, 2009 WL 3644834, at *2 (D. Minn. Oct. 30, 2009); *see also United States v. Osborne*, 343 F. App'x 159, 161 (8th Cir. 2009).

The most recent motion for continuance made by co-defendant Brewer was objected to by Respects Nothing. *See* Docket 115. This was the first time that Respects Nothing objected to Brewer's motion for continuance. The court noted the objection but ruled "that the ends of justice served by continuing this trial outweigh the best interest of the public and the defendants in a speedy trial." Docket 116 at 1. Thus, the continuance was appropriate under § 3161(h)(7)(A). *See United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

Respects Nothing has been in properly excluded time since his initial appearance. *See Herbst*, 666 F.3d at 510. Thus, seventy days remain after the next date set for trial, which is September 7, 2021, under the Speedy Trial Act, and the Act has not been violated.

---

the suspension of jury trials. Otherwise, they stated forty-eight days remained. *See* Docket 95. The court agrees with both of these calculations.

## II. Sixth Amendment Right to a Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "The Sixth Amendment right 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' " *Aldaco*, 477 F.3d at 1019 (quoting *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003)). In the Eighth Circuit, "Sixth Amendment challenges are reviewed separately from the Speedy Trial Act." *Id.* at 1018. "But . . . '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.' " *Id.* at 1018-19 (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). "To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line 'dividing ordinary from "presumptively prejudicial" delay.' " *Id.* at 1019 (quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)) (additional quotation omitted).

When analyzing whether a defendant's pretrial delay violates the Sixth Amendment, courts utilize a four-factor balancing test that looks at: (1) the delay's length; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Aldaco*, 477 F.3d at 1019 (applying the *Barker* test).

For purposes of the first factor and analyzing Respects Nothing's motions, the court assumes that the approximately twelve-and-a-half-month delay between Respects Nothing's August 20, 2020 arrest and his scheduled

trial date of September 7, 2021, is presumptively prejudicial. *See United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors." (citations omitted)). Thus, because the delay between Respects Nothing's arrest and the scheduled trial date is presumptively prejudicial, the court will consider the other factors in the *Barker* analysis. *See Barker*, 407 U.S. at 530 (discussing length of delay as the triggering factor to consideration of the other factors).

Under the second *Barker* factor, the reason for the delay, courts assign different weights to different reasons. *Id.* at 531. In applying *Barker*, the Supreme Court has "asked, 'whether the government or the criminal defendant is more to blame of th[e] delay.' " *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (alteration in original) (quoting *Doggett*, 505 U.S. at 651). Where the delay is primarily attributable to the defendant, the Supreme Court has indicated that the delay can weigh against the defendant under the waiver doctrine. *See id.* (citing *Barker*, 407 U.S. at 529).

Respects Nothing's co-defendant has made five motions for continuance moving his initial trial date from October 27, 2020, to September 7, 2021. Docket 50, 61, 71, 83, 113. The government has not made any. In *United States v. Shepard*, the court found that, although the defendant, Straughan, had only filed one pretrial motion while his co-defendants had filed over 50 motions causing extensive delay, "the time it took to dispose of these motions [was not] an unreasonable intrusion on Straughan's due process rights" under

the Sixth Amendment. 462 F.3d 847, 864 (8th Cir. 2006) (citation omitted). And the government did not intentionally cause any delay to gain a tactical advantage. *Id.* at 864. Similarly, here, the delay is not attributable to the government, and all reasons for delay were made for legitimate purposes and not to gain tactical advantages. Thus, the second factor weighs against finding a Sixth Amendment violation. *See id.* at 864.

The third *Barker* factor asks whether the defendant asserted his right to a speedy trial. The Supreme Court "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532. This factor of the test serves to ensure that a defendant meets some responsibility to assert his right to a speedy trial. But courts in the Eighth Circuit have not held that a defendant's assertion of his speedy trial right strengthens his case, only that a failure to assert it may weaken his case. *See, e.g.*, *United States v. Weber*, 479 F.2d 331, 333 (8th Cir. 1973).

Here, Respects Nothing asserted his speedy trial rights through several different filings. Respects Nothing first consented to a continuance on September 21, 2020, but he has since asserted a desire to protect his Sixth Amendment right to a speedy trial nine separate times.[2] Dockets 53, 73, 86, 94, 111, 112, 119, 123, 134, 140. Respects Nothing clearly asserted his speedy

---

[2] Respects Nothing's relevant filings include six letters, one motion for new council, one motion to dismiss, and one motion to sever or alternatively for pretrial release, all referencing his Sixth Amendment right. Dockets 73, 86, 94, 95, 111, 112, 118, 119, 123.

trial rights in this case. While Respects Nothing's assertion of his speedy trial right may be necessary for the court to address the claim, it does not independently support the merits of that claim nor strengthen it.

The fourth factor, prejudice, "should be assessed in the light of the interests of the defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three interests impacting the fourth factor: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the defense will be impaired. *Id.* Whether the defense is impaired is the most important consideration in determining prejudice to the defendant. *Id.*

The first two interests arguably weigh in Respects Nothing's favor as he has been incarcerated for approximately eleven months without having his trial. The court does not minimize the "societal disadvantages of lengthy pretrial incarceration." *Id.* It is also not lost on the court the disadvantage of the restraint on liberty and "living under a cloud of anxiety, suspicion, and often hostility" that comes with being accused, even if not incarcerated prior to trial. *Id.* at 533. As to the third interest, which is the most serious of the interests, *see id.* at 532, the court concludes that Respects Nothing has failed to demonstrate that his defense has been severely impaired. Respects Nothing does not discuss what impact the delay will have on his defense in his motion to dismiss, *see* Docket 112, or his motion to sever defendant, *see* Docket 123. Because Respects Nothing has not shown how his defense has been impaired

by the delay, the court concludes that the fourth *Barker* factor weighs against him. *See Aldaco*, 477 F.3d at 1019 (concluding that the final *Barker* factor weighed against the defendant where the defendant made no "showing of how his defense was impaired by the lengthy delay"). Thus, based on the *Barker* factors, the court finds that Respects Nothing has failed to demonstrate that his Sixth Amendment right to a speedy trial has been violated.

**III. Motion to Dismiss Indictment**

Respects Nothing's *pro se* motion to dismiss the indictment is based on violations of his Sixth Amendment right to a speedy trial and violation of the Speedy Trial Act. *See* Docket 112. For the reasons stated above, the court finds there has been no violation of the Speedy Trial Act or the right to a speedy trial under the Sixth Amendment. The motion to dismiss the indictment (Docket 112) is denied.

**IV. Motion to Sever**

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). In establishing that joinder is proper, the government has the burden of proving that the defendants "participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." *Schaffer v. United States*, 362 U.S. 511, 514 (1960). "The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." *United States v. Massa*, 740 F.2d 629, 644 (8th Cir.

1984) (citations omitted), *overruled on other grounds by United States v. Reichel*, 911 F.3d 910 (8th Cir. 2018).

"If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be 'liberally construed in favor of joinder.' " *Darden*, 70 F.3d at 1526 (quoting *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994)). "Rule 14 allows the trial court to order severance, even though joinder of offenses or defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989).

**A. Federal Rule of Criminal Procedure 8(b)**

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "Federal Rule of Criminal Procedure 8(b) permits joinder of defendants 'if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses.' " *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (alteration in original) (quoting Fed. R. Crim. P. 8(b)). Rule 8(b) is "broadly construed in favor of joinder to promote judicial efficiency." *United States v. McCarther*, 596 F.3d 438, 441-42 (8th Cir. 2010) (citing *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005)). "Broad interpretation of Rule 8(b) is undoubtedly encouraged in the

interests of more efficient administration of criminal trials." *Haggard v. United States*, 369 F.2d 968, 973 (8th Cir. 1966). Joinder must be viewed on a case-by-case basis. *Id.* at 974. Not every defendant joined must have participated in every offense charged. *See Jones*, 880 F.2d at 62-63.

There is clear preference for a joint trial of persons charged in a conspiracy. *United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006); *see also United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted).

In establishing that there was a conspiracy, "[t]he government [does] not need to show a formal agreement; showing a tacit agreement by understanding proven wholly by circumstantial evidence or by inferences from the parties' actions is sufficient." *United States v. Casas*, 999 F.2d 1225, 1229 (8th Cir. 1993) (quoting *United States v. Searing*, 984 F.2d 960, 964 (8th Cir. 1993)).

This court must accept the factual allegations of the indictment, which tie Respects Nothing to the other co-defendants, as true. *Massa*, 740 F.2d at 644. In the indictment, the United States alleges that "the defendants . . . knowingly and intentionally combined, conspired, confederated and agreed . . . to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]" Docket 23.

Thus, this court must accept as true the fact that Respects Nothing is tied to the other co-defendants named in the indictment. *Massa*, 740 F.2d at 644.

Much of the evidence presented would remain substantially the same regardless of which defendants plead guilty or which defendants are severed. This fact, combined with the Eighth Circuit's clear preference towards joinder, supports the United States' argument that joinder is proper in this case. *Ruiz*, 446 F.3d at 772. Because the government provided sufficient factual allegations in the superseding indictment suggesting that Respects Nothing's actions arose out of the same transactions or occurrences as the other co-defendants, the indictment and its factual allegations meets the joinder requirements of Rule 8(b).

**B. Federal Rule of Criminal Procedure 14(a)**

Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials or counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Under Rule 14, a district court has the discretionary power to sever a defendant's trial from the trial of his co-defendants. *Darden*, 70 F.3d at 1527. When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial will prejudice his or her right to a fair trial. *Id.* (citing *United States v. Penson*, 62 F.3d 242, 244 (8th Cir. 1995)). For the court to grant a motion for severance, the necessary prejudice must be "severe or

compelling." *Id.* (quoting *Rimell*, 21 F.3d at 289). "The presumption against severing properly joined cases is strong. It is not enough that a defendant thinks his chances for acquittal would be better in a separate trial[.]" *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) (citing *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

"In order to show prejudice, a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. [The defendant] must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). The Eighth Circuit has stated that "[o]nly in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009) (citing *United States v. Kirk*, 528 F.3d 1102, 1107 (8th Cir. 2007)).

Respects Nothing makes his motion to sever on the grounds that "continuing to wait for a suitable joint trial date for the defendants unfairly prejudices Mr. Respects Nothing and contravenes his constitutional and statutory rights to a speedy trial under the Sixth Amendment . . . and the Speedy trial Act of 1974." Docket 123 at 1. He does not provide any further support for a finding of prejudice other than the delay in a speedy trial. *See id.* Severance is justified when it is necessary to safeguard a defendant's speedy trial rights. *United States v. Philips*, 482 F.2d 191, 195 (8th Cir. 1973). But as shown above, the court finds there is no infringement on Respects Nothing's

right to a speedy trial. Severance is not necessary to safeguard his rights, and he has not met his burden of proving prejudice that justifies severance under Rule 14.

**V. Motion for Pretrial Release**

Respects Nothing alternatively argues he should be released pending trial to protect his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. *See* Docket 123. "A defendant may be detained pending trial if the Court finds there is no 'condition or combination of conditions . . . [that] will reasonably assure the appearance of such person as required and the safety of any other person and the community.' " *United States v. Abdurahman*, 2015 WL 4136483, at *1 (D. Minn. July 8, 2015) (alterations in original) (quoting 18 U.S.C. § 3142(e)(1)). Respects Nothing is charged with violating 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). This federal drug offense carries a mandatory minimum penalty of ten years' imprisonment. 18 U.S.C. § 841(b)(1)(A). Thus, under the Bail Reform Act, a rebuttable presumption arises that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e).

Respects Nothing has not offered any argument to rebut this presumption other than his belief that pretrial release is necessary to protect his speedy trial rights. For the reasons stated above analyzing these rights, the court finds this argument is insufficient to justify pretrial release.

## CONCLUSION

Respects Nothing has failed to demonstrate a violation of his statutory right to a speedy trial under the Speedy Trial Act. Respects Nothing has also failed to demonstrate that his Sixth Amendment right to a speedy trial was violated. The court finds that joinder of Respects Nothing and his co-defendants is appropriate under Rule 8. Respects Nothing has not demonstrated prejudice to justify the severance of his trial as required by Rule 14, nor met his burden of rebutting the presumption of pretrial detention. Thus, it is

ORDERED that Respect Nothing's motion to dismiss indictment (Docket 112) and motion to sever or alternatively for pretrial release (Docket 123) are denied.

DATED August 5, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE